# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

The Prudential Insurance
Company of America,

        Plaintiff,

v.

Marci Amarante, Robin Kersey,
Randy Hunt, and Tava Hunt,

        Defendants.

_____/

Case No. 18-cv-13618

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

# OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ROBIN KERSEY AND GRANTING PLAINTIFF'S <u>MOTION FOR INTERPLEADER RELIEF [25]</u>

This is an interpleader matter involving the death benefit of Clinton L. Garvin, who was insured under a group life insurance policy issued by plaintiff The Prudential Insurance Company of America. Upon Garvin's death, plaintiff received competing claims on the death benefit from defendants Marci Amarante and Randy Hunt and Tava Hunt ("the Hunts"), and found in its records that defendant Robin Kersey was listed by Garvin as a beneficiary at one point. Kersey has failed to respond to the interpleader complaint, and now plaintiff seeks default judgment

against Kersey so that it may deposit the death benefit and seek interpleader relief—primarily, that it be discharged from this case and free from future liaility regarding the death benefit.

I. **Background**

Plaintiff insured Garvin through a Group Policy with DTE Energy Company for basic life insurance in the amount of $26,000 ("the Death Benefit"). (Dkt. 1 at 3.) Defendants were listed at one point or are currently listed as beneficiaries. Garvin designated Amarante, his daughter (*id.* at 1), on October 9, 2012, as the sole primary benficiary of the death benefit. (*Id.* at 4.) On March 21, 2016, he designated Kersey, the niece of his then-girlfriend (Dkt. 13 at 2), as the sole primary beneficiary. (Dkt. 1 at 4.) And on October 23, 2017, Garvin designated the Hunts, his nephew and nephew's wife (*id.* at 2), as co-equal primary benficiaries. (*Id.* at 4.)

In May 2018, Garvin died (*id.* at 4), and defendants made the following claims on Garvin's Death Benefit. First, Amarante made a claim on June 7, 2018. (*Id.*) About a month later, the Hunts made a claim. (*Id.* at 5.) At some point, Amarante was made aware by plaintiff that she was no longer the beneficiary (*see id.* at 5; Dkt. 25-2), and so she

2

submitted a letter to plaintiff alleging that Garvin exhibited signs of dementia as early as 2016, and that the other defendants unduly influenced or coerced her father to change his benficiaries. (Dkt. 1 at 5.) She also provided a letter from Garvin's physician, detailing the dementia diagnosis. (*Id.*) The Hunts submitted a letter disputing this diagnosis. (*Id.* at 5–6.) Plaintiff alleges that due to Amarante's claim that her father was incompetent to reassign his Death Benefit, it is unable to determine which beneficiary designation is controlling without exposing itself to potential liability and litigation. (*Id.* at 6.)

Plaintiff filed its interpleader complaint on November 20, 2018. (Dkt. 1.) The same day, summonses were issued for each of the defendants. (Dkt. 3.) Amarante and both Hunts each filed an answer. (Dkts. 10–12.) Amarante also filed a cross claim (Dkt. 13), which the Hunts each answered. (Dkts. 14, 15.) Kersey was served on November 30, 2018. (Dkt. 18.) To date, Kersey has not filed a responsive pleading or otherwise filed an appearance. Plaintiff filed a request for clerk's entry of default against Kersey under Federal Rule of Civil Procedure 55(a) (Dkt. 20), which was granted. (Dkt. 22.) Now, plaintiff files a motion for default judgment under Rule 55(b), to deposit the Death Benefit with the Court,

3

and for interpleader relief. (Dkt. 25.) Amarante and both Hunts each concur. (Dkts. 30–32.)

## II. **Default Judgment**

Default judgments are governed by Federal Rule of Civil Procedure 55. A defendant defaults when they fail to answer "within 21 days of being served with the summons and complaint." *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Then, a plaintiff seeking default must seek an entry of default from the clerk. Fed. R. Civ. P. 55(a). Afterward, the plaintiff files a motion for default judgment. Fed. R. Civ. P. 55(b). The decision to grant a default judgment is in sound discretion of district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). "A 'named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.'" *Unum Life Ins. Co. of Am. v. Lytle*, No. 18-13234, 2019 U.S. Dist. LEXIS 25939, at *3–4 (E.D. Mich. Feb. 19, 2019) (quoting *Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 U.S. Dist. LEXIS 108962, at *6 (E.D. Mich. Oct. 13, 2010)).

Default judgment is appropriate here. Kersey was served on November 30, 2018, and did not file an answer or motion to dismiss

4

within twenty-one days. At this point, she has not responded to the interpleader complaint for four months. Moreover, there is no indication that she is serving in the military (Dkt. 25-3), that she is a minor, or that she is incompetent. And although granting the judgment extinguishes her claim to the death benefit, default judgment is permissible in the interpleader context.

The Court is also satisfied that the other requirements of Rule 55 are met. The amount of the death insurance benefit is undisputed, and so the Court need not conduct a further accounting. *See* Fed. R. Civ. P. 55(b)(2)(A). The complaint alleges no damages against Kersey, so the Court need not determine any. *See* Fed. R. Civ. P. 55(b)(2)(B). Moreover, the Court is satisfied that Kersey's default is sufficiently supported by evidence, including the certificate of service for her (Dkt. 18); declaration of the specialist who handled Garvin's change of beneficiaries and the multiple claims to the death insurance benefit (Dkt. 25-2 at 1–3); and the declaration of Joyce S. Min regarding Kersey's military status (Dkt. 25-3). Thus, the Court need not investigate any other matter as to the appropriateness of Kersey's default judgment. *See* Fed. R. Civ. P. 55(b)(2)(D). And because there is no evidence Kersey filed a claim or

disputed the other defendants' letters regarding Garvin's dementia, there is also no need to investigate this issue further prior to granting the relief sought. *See id.* Thus, default judgment is appropriate.

### III. Interpleader

Plaintiff also seeks interpleader relief. "Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1704 (3d ed. 2001)). A party may invoke interpleader through Federal Rule of Civil Procedure Rule 22 ("rule interpleader" or 28 U.S.C. § 1335 ("statutory interpleader"). *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 355–56 (6th Cir. 2018); *see also High Tech.*, 497 F.3d at 641 n.1 (explaining that rule and statutory interpleader are addressed in the same manner, though they differ in bases of jurisdiction). There are "two stages" of an interpleader action: first, "the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over

6

the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader," and second, "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *High Tech.*, 497 F.3d at 641 (citations omitted). At this point in the litigation, the Court only addresses whether plaintiff properly invoked interpleader.

Plaintiff has properly invoked interpleader. Although plaintiff invokes interpleader pursuant to the Federal Rule in this motion, it also pleads statutory interpleader (Dkt. 1 at 2–3), which is most clearly met in this case. To satisfy jurisdiction under statutory interpleader, plaintiff must plead: "(1) the existence of actual or potential conflicting claims to a limited fund or property held by the stakeholder; (2) an amount in controversy of at least $500; and (3) minimal diversity among the competing claimants." *Lindenberg*, 912 F.3d at 356 (citations omitted). Plaintiff has submitted evidence of competing claims for the death benefit, which is now due, from Amarante and the Hunts. There is no indication defendants have settled these claims. The death benefit is also more than $500 and there is minimal diversity—Amarante is domiciled

7

in Michigan, the Hunts are domiciled in Ohio, and Kersey is domiciled in West Virginia. (Dkt. 1 at 1–2.)

Plaintiff is entitled to discharge as a disinterested stakeholder and an order "enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead" upon the deposit of the Death Benefit with the Court. *High Tech.*, 497 F.3d at 641–42 (citation omitted); § 1335(a)(1); 28 U.S.C. § 2361; Fed. R. Civ. P. 67(a).

## IV. <u>Conclusion</u>

Accordingly,

1.  Prudential's motion for default judgment against defendant Robin Kersey, to deposit funds, and for interpleader relief (Dkt. 25) is **GRANTED.**

2.  Within 21 days of Prudential's receipt of this Order, Prudential must deposit the Death Benefit in the amount of $26,000.00 with the Clerk of this Court.

3.  The Clerk shall deposit the Death Benefit as herein set forth into the Registry of this Court as soon as practicable, and the Clerk shall deposit these funds into an interest-bearing account.

4. The Death Benefit so invested in the interest-bearing account shall remain on deposit until further order of this Court.

5. The Clerk shall deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office at or equal to ten percent (10%) of the income earned for deduction in the investment so held and without further order of the Court.

6. Upon depositing the Death Benefit in accordance with this Order, Prudential shall be, and hereby is, discharged from any and all liability to Defendants, Robin Kersey, Marci Amarante, Randy Hunt, and Tava Hunt relating to or arising out of the Group Plan and/or Death Benefit, and all claims, rights, interests and actions that defendants might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators with respect to the Group Policy and/or Death Benefit are hereby released.

7. Defendants are each permanently restrained and enjoined from instituting and/or prosecuting any suit, causes of action or civil proceedings in any forum, or making any further action or implied claims, demands, and/or causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any proceeding in any forum, against Prudential arising out of, in connection with or relating to the Group Policy and/or Death Benefit due thereunder.

9. Prudential is dismissed from this action with prejudice and without costs and all claims against Prudential are dismissed with prejudice.

10. This Court shall retain jurisdiction over Amarante and the Hunts to determine the rights of the parties to the Death Benefit paid into the Court by Prudential.

11. Counsel for Prudential shall serve a copy of the within Order to counsel of record within 7 days of its receipt.

IT IS SO ORDERED.

Dated: March 28, 2019       s/Judith E. Levy  
    Ann Arbor, Michigan      JUDITH E. LEVY  
                                      United States District Judge